**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-07-161-M |
| ) | |
| DONALD UNDERWOOD, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Donald Underwood appeals the judgment of conviction and sentence imposed by United States Magistrate Judge Shon T. Erwin in a misdemeanor case. Defendant's appeal is brought under Rule 58(g) of the Federal Rules of Criminal Procedure. This Court has jurisdiction of defendant's appeal pursuant to 18 U.S.C. § 3742(g).

I.  Background

On August 2, 2006, a one count Information was filed charging defendant with being present as a spectator at a place where a cock fight was occurring in violation of 18 U.S.C. § 1151.[1] On that same date, defendant appeared for his initial appearance. On September 28, 2006, defendant was arraigned, at which time defendant entered a plea of not guilty, consented to trial before a magistrate judge, and demanded a jury trial.

On October 30, 2006, defendant filed a motion to consolidate cases.[2] On December 4, 2006, the government filed a motion to consolidate all of the related cases pending for trial before the

---

[1] There were approximately seventy-five (75) other individuals who were arrested at the same time and location as defendant and had similar charges.

[2] At the time the motion to consolidate cases was filed, the cases sought to be consolidated were all cases arising from one count informations charging the defendants with being present as a spectator at a place where a cock fight was occurring in violation of 18 U.S.C. § 1151.

Magistrate Judge. On December 5, 2006, defendant filed his objection to the government's motion to consolidate. On January 8, 2007, the Magistrate Judge held a hearing on the above-referenced motions and granted both defendant's and the government's motions to consolidate cases.

On January 23, 2007, the jury trial commenced for the consolidated cases of defendant and three other defendants. The trial concluded on January 25, 2007, with the jury finding defendant guilty. The Magistrate Judge ordered a presentence investigation, and the sentencing hearing was set for June 20, 2007. At the sentencing hearing, the Magistrate Judge sentenced defendant to a term of probation for one year, a fine of $1,975.00, and a $25.00 special assessment. Counsel for defendant timely filed a notice of appeal on July 5, 2007.

## II.     Discussion

In reviewing a sentence imposed by a United States Magistrate Judge, a district court functions as an appellate court:

> Post-conviction review of a magistrate judge's judgment is governed by same standards as appeal from judgment of a federal district court to the court of appeals. [The Court] review[s] the Magistrate Judge's conclusions of law *de novo*, applying the same standard used by the Magistrate Judge in making his initial ruling. [The Court] review[s] the Magistrate Judge's fact findings for clear error. A finding of fact is "clearly erroneous" if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made.

*United States v. Ellison*, 112 F. Supp. 2d 1234, 1236 (D. Colo. 2000) (internal quotations and citations omitted).

In his appeal, defendant contends the Magistrate Judge abused his discretion by consolidating all the related cases pending for trial and abused his discretion in sentencing defendant to pay a fine of $1,975.00.

A.  Consolidation of cases

Defendant asserts that the consolidation of his case with other cases in which defendants were changed with multiple counts denied him a fair trial as guaranteed by the Sixth Amendment. Specifically, defendant asserts that the evidence presented in defense to the other charges served to prolong the trial, confuse the jury by clouding the issues, and prejudice him.

Federal Rule of Criminal Procedure 13 provides:

> The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information.

Fed. R. Crim. P. 13.  Federal Rule of Criminal Procedure 8 provides:

> Rule 8.  Joinder of Offense or Defendants
>
> (a) Joinder of Offenses.  The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of defendants.  The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Fed. R. Crim. P. 8.

Having carefully reviewed the parties' submissions, the Court finds that consolidation of the trials of all remaining defendants was proper and that the Magistrate Judge did not abuse his discretion in consolidating said trials.  Specifically, the Court finds that the offenses alleged in counts one and two of the informations at issue were sufficiently connected together for joinder

under Rule 8(a), that the remaining defendants allegedly participated in the same act or transaction, or in the same series of acts or transactions, constituting the offense(s) at issue for joinder under Rule 8(b), and that the remaining cases, therefore, were subject to consolidation under Rule 13. Further, the Court finds that the cases did not involve complex proof and that matters of economy and expediency favored consolidation of the trials. Finally, the Court finds no evidence that the trial was unnecessarily prolonged, that the jury was confused, or that defendant was prejudiced as a result of the consolidation of the trials.

Accordingly, the Court finds defendant's conviction should not be reversed on this basis.

B.   Sentencing

Title 18 United States Code Section 3551(a) provides:

> Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute, including sections 13 and 1153 of this title, other than an Act of Congress applicable exclusively in the District of Columbia or the Uniform Code of Military Justice, shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case.

18 U.S.C. § 3551(a). Based upon this section, the Tenth Circuit has held that the United States Sentencing Guidelines apply to cases brought under the Assimilative Crimes Act, 18 U.S.C. § 13; however, the Tenth Circuit has held that "the sentence imposed may not exceed any maximum sentence and may not fall below any mandatory minimum sentence that is required under the law of the state in which the crimes occur." *United States v. Garcia*, 893 F.2d 250, 251-52 (10th Cir. 1989). *See also United States v. Wood*, 386 F.3d 961 (10th Cir. 2004); *United States v. Nelson*, No. 98-2102, 1998 WL 658393 (10th Cir. Sept. 15, 1998).

Under Oklahoma law,

> Every person who upon conviction is guilty of any of the provisions of Section 6 of this act[3] shall be punished by imprisonment in the county jail for not more than one (1) year, or shall be fined not more than Five Hundred Dollars ($500.00), or by both such fine and imprisonment.

Okla. Stat. tit. 21, § 1692.8.

Accordingly, the Court finds that the maximum fine which could be imposed in this case is $500.00. The Court, therefore, finds that the Magistrate Judge erred in imposing a $1,975.00 fine in this case and that defendant's sentence must be vacated and that this case should be remanded for re-sentencing.

III.   Conclusion

For the reasons set forth above, the Court AFFIRMS defendant's conviction but VACATES defendant's sentence and REMANDS this case to the magistrate court with directions to re-sentence defendant in accordance with this Order.

**IT IS SO ORDERED this 27th day of February, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]Section 6 provides:
> Every person who is knowingly present as a spectator at any place, building, or other site where preparations are being made for a cockfight with the intent to be present at such preparation or cockfight, or is knowingly present at such cockfight, upon conviction shall be guilty of a misdemeanor.

Okla. Stat. tit. 21, § 1692.6.